**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VALERICE MOREGNE<br>6208 Chew Avenue<br>Philadelphia, PA 19138<br><br>           Plaintiff,<br><br>    v.<br><br>PHILADELPHIA GAS WORKS<br>800 Montgomery Avenue<br>Philadelphia, PA 19122<br><br>           Defendant. | CIVIL ACTION<br><br>No.:_____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Valerice Moregne (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Philadelphia Gas Works (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.) and the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq*.). Plaintiff alleges, *inter alia*, that Defendant refused to reasonably accommodate her and terminated her in retaliation for requesting and utilizing protected medical leave and reasonable accommodations. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s), which may be amended hereto following administrative exhaustion, because such claim(s) would arise out of the same common nucleus of operative facts as his federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Philadelphia Gas Works is a municipally owned gas utility company operating in Pennsylvania with a principal place of business at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

9.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff was hired by Defendant on or about August 14, 2024; and in total, Plaintiff was employed by Defendant for almost twelve (12) years.

11.     Plaintiff was a full-time employee working in Philadelphia for Defendant at the above-captioned address.

12.     Plaintiff worked for Defendant in numerous different positions, but later in her tenure she was employed by Defendant as a Field Representative (an "FR"). She became employed as an FR in or about May of 2024.

13.     As an FR, Plaintiff may have to visit properties for potential gas emergencies, perform inspections, and engage in other (out-of-office) service-related tasks (as FRs were to rotate field work when necessary). But Plaintiff primarily worked within an office setting handling an array of service matters.

14.     Among other management (and once Plaintiff became an FR), Plaintiff at all relevant times reported to: (1) Tiffany Jackson ("Jackson" – a Supervisor of Dispute Resolution); and (2) Kristin Rosas ("Rosas" – a Manager of Dispute Resolution). From a Human Resources standpoint, Matthew Rohrer has assisted with, or overseen matters related to medical accommodations or FMLA leave (which pertain to my underlying legal claims).

15.     Plaintiff was terminated by Defendant on or about April 3, 2026 (following a short suspension period), and she asserts herein that her health and usage of FMLA leave were determinative factors in said termination (as explained *infra*).

16.     Plaintiff has many health problems, and she suffers from anxiety, a panic disorder, depression, and chronic migraines (among other medical complications not all specified herein).

17.     Plaintiff sought, was approved for, and utilized leave under the FMLA primarily on an intermittent basis while working as an FR. Plaintiff properly advised her management when she needed to miss time for a medical reason, a medical appointment, or for a flareup of her health problems requiring her to miss any partial or full days from work (while using intermittent leave during her employ).

18.     On or about January 30, 2026, Plaintiff commenced medical leave on a block (and non-intermittent) basis to stabilize her ongoing health problems. During Plaintiff's medical leave, she received ongoing diagnostics and medical treatment.

19.     Medical leave for any period of time, including several months is a well-recognized form of medical accommodation. *See e.g. Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F.Supp.2d 694 (E.D. PA 2010)(time off from work, even up to 3 months can constitute a reasonable accommodation under the ADA); *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004)(federal courts have permitted leave to be a reasonable accommodation under the ADA); *Shannon v. City of Philadelphia*, WL 1065210 (E.D. Pa. 1999)(time off from work for an extended period of time is a reasonable accommodation under the ADA).

20.     Plaintiff returned from (the aforesaid) medical leave on or about March 27, 2026; and upon returning from leave, Plaintiff was initially suspended and then terminated on or about April 3, 2026.

21.     Without showing Plaintiff any information or documents (or specifying details), Plaintiff was told it appeared she improperly closed an account prior to her medical leave and Defendant's management determined that could be "falsification."

22.    Within Plaintiff's department, there were approximately 8-10 employees performing in the same or similar role to Plaintiff.

23.    At any given time, Plaintiff or other similarly situated employees may have 100 – 150 customers in their queue (to handle or assist).

24.    Sometimes errors are made outside of the control of FRs, and sometimes FRs make clerical or other mistakes (or accounts are closed and reopened for a variety of reasons, errors or otherwise). Whether Plaintiff made a mistake or not (as she was shown no information or details), her actions were: (1) not a terminable offense; and (2) others in the department under Jackson and Rosas are not and have not been terminated for the same or worse mistakes.

25.    Monthly reports / evaluations are generated showing all aspects of account handling for each of the 8-10 employees within Plaintiff's department, including all errors, corrections, and mistakes of such personnel. These monthly reports / evaluations will conclusively illustrate that Plaintiff's comparators (and colleagues) made similar, worse, and ongoing errors or mistakes and they were not terminated or accused of "falsification."[1]

26.    Errors and miscommunications happened so frequently within the department that Defendant's management would have had to terminate or claim "falsification" as to all FRs if treating Plaintiff and others equally. Plaintiff's termination was a complete pretext immediately upon her returning from usage of a medical accommodation and FMLA leave (the temporal proximity of which is highly suggestive of retaliation).

27.    To Plaintiff's knowledge, some other employees within the department also utilize FMLA (primarily on an intermittent basis). Those who do are often treated in a hostile manner and

---

[1] Defendant is reminded to preserve all monthly statistics and reports or evaluations for each of its personnel in Plaintiff's department, as Plaintiff will be requesting during discovery a several-year lookback of this comparator information for her colleagues (as to all 8-10 employes at any given time) within her department. Such evidence as aforesaid will illustrate that Plaintiff was targeted for a discriminatory and retaliatory termination from employment.

disrespectfully. When such employees call out for FMLA, Jackson and/or Rosas complain about the call out (even if for FMLA) or make angry or frustrated facial gestures.

28.     Plaintiff's management disliked her usage of FMLA so much that they often selected her to go to the field (a less desired task within the department), were nasty to her if she called out for FMLA on a day she was supposed to go to the field and were dismissive or refused to assist her at times. There was immense hostility within he department towards call outs for FMLA usage.

29.     Plaintiff was discriminatorily and retaliatorily terminated by Defendants because of her health, FMLA usage, and accommodation needs.

## COUNT I
## Violations of the ADA
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

30.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31.     Plaintiff suffers from qualifying health conditions under the ADA, which affected her ability (at times) to perform some daily life activities.

32.     Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified to perform the essential functions of her position with or without reasonable accommodation.

33.     Plaintiff disclosed his aforementioned disabilities/serious medical conditions and need for accommodations to Defendant's management prior to her pretextual termination. Plaintiff experienced ongoing hostility and animosity towards her on account of her health and medical needs.

6

34.     Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating and/or determinative factor in the termination of her employment with Defendant.

35.     Plaintiff also avers that she was suspended and then terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

36.     Defendant's actions as aforesaid constitute both unlawful discrimination and retaliation in violation of the ADA.

### COUNT II
### Violations of Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff was a full-time employee who worked for Defendant for more than one (1) year within a location that employed at least 50 employees within 75 miles.

39.     Plaintiff exercised her FMLA rights during her employment within her department under Jackson and Rosas by using intermittent FMLA leave and block FMLA leave.

40.     Defendant terminated Plaintiff for prior usage of FMLA, for usage of FMLA immediately preceding her termination from employment, and did not permit Plaintiff to return or to be reinstated to the same or similar position upon return from FMLA-qualifying leave (in March of 2026)

41.     Defendant's actions as aforesaid taken against Plaintiff (both suspension and termnination) because of her FMLA protected activities and usage therefore constitute unlawful interference and retaliation in violation of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: June 3, 2026

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Valerice Moregne         :      CIVIL ACTION
              :
     v.            :
              :
Philadelphia Gas Works       :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

6/3/2026                  Plaintiff
_____   _____   _____
**Date**        **Attorney-at-law**      **Attorney for**

215-639-0801      215-639-4970     akarpf@karpf-law.com
_____   _____   _____
**Telephone**       **FAX Number**      **E-Mail Address**

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MOREGNE, VALERICE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

PHILADELPHIA GAS WORKS

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA and FMLA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE: 6/3/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____